UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORDECHAI FELDMAN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>MCCALLA RAYMER LEIBERT PIERCE, LLC,<br><br>Defendant. | Civil Action No: 7:23-cv-11162<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Mordechai Feldman (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, against Defendant McCalla Raymer Leibert Pierce, LLC ("MRLP" or "Defendant") individually and on behalf of a class of all others similarly situated, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.   Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id.* at §§ 1692(b) & (c).

2.   Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id.* at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of New York consumers pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6.  Plaintiff and the Class members are seeking damages and declaratory relief.

## PARTIES

7.  Plaintiff is a resident of the State of New York, County of Orange.

8.  Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9.  Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process c/o C T Corporation System, located at 28 Liberty Street, New York, NY 10005.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. All individuals with addresses in the State of New York;

    b. Who received a collection communication from the Defendant;

    c. Which contained inconsistent and improper charges for fees not yet accrued; and

    d. Which improper collection actions occurred on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

13. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal

3

issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers after creating a payment plan, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Sometime prior to May 16, 2023, Plaintiff allegedly incurred a debt with Allied First Bank, sb dba Servbank (hereinafter, "Allied").

22. The alleged debt was incurred solely for personal, household or family purposes.

23. The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Upon information and belief, Allied contracted with Defendant for the purpose of collecting this alleged debt.

25. Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. On or about May 16, 2023, Allied sent Plaintiff a monthly billing statement to collect upon the alleged Allied debt. A true and accurate copy of the statement Allied mailed to the Plaintiff is attached as Exhibit A, hereinafter "First Statement."

27. The First Statement states in relevant part (Exhibit A):

Past Due Amounts

| | |
|---|---|
| 7 Payments @* | $17,890.26 |
| Corporate Advances** | $50.00 |
| Late Fees | $139.30 |
| **Total Due** | **$20,631.74** |

28. Allied goes on to explain the "Corporate Advances" charge.

29. On or about May 26, 2023, 10 days after the Statement was sent by Allied, Defendant sent Plaintiff a collection letter to collect upon the alleged Allied debt. A true and

accurate copy of the collection letter Defendant mailed to the Plaintiff is attached as Exhibit B, hereinafter "First Letter."

30. The First Letter states in relevant part (Exhibit B):

As of today, the amount required to cure your delinquency is $22,922.58, itemized as follows:

| Description | Amount |
|---|---|
| Payments Due | $20,442.44 |
| Late Charges | $139.30 |
| Corporate Advance Balance | $1,775.00 |
| Outstanding Foreclosure Fees | $565.00 |
| Outstanding Foreclosure Costs | $0.84 |
| Total | $22,922.58 |

31. Despite the letters being sent only ten days apart the balance due had increased by $2,290.26.

32. Additionally, without any explanation given the corporate advance balance had increased $1725.00

33. Finally included in the balance was a foreclosure fee of $565.00 despite no foreclosure action having occurred, and even if one had been filed the charges for the filing would not have been $565.00.

34. Defendant has failed to inform the Plaintiff the reason or cause for the foreclosure charges or the substantial increase in the Corporate Advance Balance.

35. On or about June 16, 2023, Allied sent Plaintiff another monthly billing statement to collect upon the alleged Allied debt. A true and accurate copy of the statement Allied mailed to the Plaintiff is attached as Exhibit C, hereinafter "Second Statement."

36. The Statement states in relevant part (Exhibit C):

Past Due Amounts

| | |
|---|---|
| 8 Payments @* | $20,442.44 |
| Corporate Advances** | $2,340.84 |
| Late Fees | $139.30 |
| **Total Due** | **$25,474.76** |

37. Allied goes on to explain the "Corporate Advances" charge.

38. On or about June 20, 2023, 4 days after the Second Statement was sent by Allied, Defendant sent Plaintiff another collection letter to collect upon the alleged Allied debt. A true and accurate copy of the collection letter Defendant mailed to the Plaintiff is attached as Exhibit D, hereinafter "Second Letter."

39. The Second Letter states in relevant part (Exhibit D):

As of today, the amount required to cure your delinquency is $22,951.64, itemized as follows:

| Description | Amount |
|---|---|
| Payments Due | $20,442.44 |
| Late Charges | $167.16 |
| Corporate Advance Balance | $2,340.84 |
| Outstanding Foreclosure Fees | $0.00 |
| <u>Outstanding Foreclosure Costs</u> | <u>$1.20</u> |
| Total | $22,951.64 |

40. Now, Defendant has the same amount itemized for the "Corporate Advance Balance" that is the same number as the amount provided by Allied just 4 days earlier.

41. However, the total amount due from Plaintiff is significantly different in the Second Letter than from the amount in the Second Statement.

8

42. Additionally, in this letter the foreclosure fees that existed one month early are no longer being calculated, making one of the two letters false.

43. Defendant has failed to inform the Plaintiff the reason or cause for the foreclosure charges or the substantial increase in the Corporate Advance Balance.

44. Defendant has also provided different amounts owed by Plaintiff in both the First Letter and Second Letter (collectively "Letters") when compared to the First and Second Statement (collectively "Statements") sent by Allied.

45. Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

46. Pursuant to 15 U.S.C. § 1692f(1), "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

47. Defendant acted deceptively, unfairly and unconscionably by itemizing charges against the Plaintiff for fees that have not yet accrued.

48. Defendant acted deceptively, unfairly and unconscionably by providing the Plaintiff with different amounts owed from the communications received from the creditor.

49. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

50. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount and status of the alleged debt.

51. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

52. A debt collector violates 15 U.S.C. § 1692f(1) when it tries to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

53. Defendant's attempt to unlawfully collect foreclosure fees and costs when no foreclosure action has been filed is a direct violation of 15 U.S.C. § 1692f(1).

54. Accordingly, Defendant's conduct violated multiple provisions of the FDCPA.

55. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

56. The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

57. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

58. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

59. Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress associated with the fear of a debt collector attempting to collect an improper amount on the debt.

60. The inconsistences in the letters left the Plaintiff feeling paralyzed as he did not what amounts were actually correct, and assumed that the collection letters from the Defendant must be improper since they continually contradicted the statements sent by the original creditor.

61. Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

62. Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

63. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to the collection of any consumer debt.

64. Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's Letters.

65. Defendant's Letters further caused distress, embarrassment, humiliation, disruption, and other damages and consequences because Plaintiff was unaware as to why Defendant showed a balance due for foreclosure fees and costs.

66. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

67. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

68. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

69. Specifically, here the Plaintiff spent time to call the debt collector as per the instructions to obtain payoff and reinstatement statements but was instead led down a path of confusion, distress, deception, and stress.

70. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

71. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

72. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

73. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class members violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

74. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

75. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

76. Defendant violated § 1692e(2)(A) when it misrepresented the amount of Plaintiff's balance.

77. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

78. By deceptively misrepresenting the amount of the foreclosure fees owed and the balance that was due, Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

79. Defendant violated 15 U.S.C. § 1692e:

    a. By misrepresenting the amount of a balance due on Plaintiff's account;

    b. By deceptively providing letters that showed a different amount owed that the communications received from creditor; and

    c. By deceptively misrepresenting the amount of the foreclosure fees and costs as no foreclosure action had yet started.

80. By reason thereof, Defendant is liable to Plaintiff and the Class members for judgment in that Defendant's conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

81. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

82. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class members violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

83. Pursuant to 15 U.S.C. § 1692f(1) prevents debt collectors from collecting any amount that is not "expressly authorized by the agreement creating the debt or permitted by law."

84. Defendant violated § 1692f:

   a. By unfairly and unconscionably sending collection letters with the intent of collecting an amount seeking fees that had not yet accrued or had no basis; and

   b. By failing to maintain policies and procedures that were reasonably calculated to prevent Defendant from making collection communications seeking more money than it is legally authorized to collect upon.

85. By reason thereof, Defendant is liable to Plaintiff and the Class members for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

86. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

87. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

88. Pursuant to 15 U.S.C. § 1692g(a):

   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing (1) the amount of the debt. . .

89. Thus, Defendant violated 15 U.S.C. § 1692g:

      a.    By failing to disclose the correct amount owed on the alleged debt because no foreclosure action had started but fees and costs were itemized;

      b.    By providing an amount owed that was different than the amount provided by the creditor; and

      c.    By failing to maintain policies and procedures that were reasonably calculated to prevent collection communications from being sent presenting an alleged debt while Plaintiff was in possession of Medicaid coverage.

90. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692g *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

91. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mordechai Feldman, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5. Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

6. Awarding the Plaintiff and the Class punitive damages for Defendant's willful and reckless conduct; and

7. Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated:  December 22, 2023                                   Respectfully submitted,

**STEIN SAKS, PLLC**
*/s/ Rami Salim*
By: Rami Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
rsalim@steinsakslegal.com
*Counsel for Plaintiff Mordechai Feldman*